```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

DIVERSIFIED CONTROL, INC.,               **DECISION AND ORDER**

      Plaintiff,            05-CV-0277(A)(M)

v.

CORNING CABLE SYSTEMS, LLC,

      Defendant.
_____

    This action has been referred to me by Order of Hon. Richard J. Arcara for supervision of pretrial proceedings [50][1]. Before me is the motion of defendant Corning Cable Systems, LLC ("Corning") for an award of costs and expenses, including and attorneys' and experts' fees, as a discovery sanction [126]. Plaintiff Diversified Control, Inc. ("Diversified") had also moved for sanctions against Corning [156]. Following oral argument of the motions on September 17, 2009, I denied both motions from the bench, stating my reasons for doing so [178]. A transcript from the digital recording of those proceedings is attached to this decision and made a part hereof.

    While Diversified has stated that it does not object to my ruling, and has therefore not requested a written decision, Corning has requested a written decision, as is its right. I deferred issuing the decision pending settlement negotiations between the parties, which have not resulted in a settlement.

---

  [1]  Bracketed references are to CM-ECF docket entries.

## ANALYSIS

"Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." Reilly v. Natwest Markets Group Inc. 181 F.3d 253, 267 (2d Cir.1999), cert. denied, 528 U.S. 1119 (2000). That discretion should be exercised "in light of the entire record in the case", Fonseca v. Regan, 734 F. 2d 944, 948 (2d Cir. 1984), cert. denied, 469 U.S. 882 (1984), and in view of the trial court's "firsthand familiarity with all of the pertinent circumstances of the particular case". Tse v. UBS Financial Services, Inc. 568 F. Supp. 2d 274, 321 (S.D.N.Y.2008).

For the reasons which I stated on the record during oral argument on September 17, 2009 (attached), I do not believe that an award of sanctions at this time would be appropriate or just. Therefore, I order[2] that Corning's motion be denied. However, I remind Diversified that sanctions may be awarded in the future if its discovery obligations are not met.

---

[2] While a decision as to dispositive sanctions must be made by Report and Recommendation, up until now it has been the rule in this Circuit that "monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir.1990). However, in Kiobel v. Millson, ___F.3d___, 2010 WL 46785 (2d Cir. 2010), the Second Circuit has noted uncertainty among its panel members as to the authority of Magistrate Judges to impose Rule 11 sanctions. The discussion in Kiobel suggests that this uncertainty may now also extend to a Magistrate Judge's authority to impose non-dispositive sanctions under Rule 37. If Corning's motion for sanctions is deemed dispositive, then my decision should be treated as a Report and Recommendation.

## CONCLUSION

For these reasons, I order that Corning's motion [126] be denied.


**SO ORDERED.**

DATED:	February 12, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
