UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DIVERSIFIED CONTROL, INC.

                 Plaintiff

vs.                                              Case No.: 05-CV-0277A (MC)

CORNING CABLE SYSTEMS, INC.

                 Defendant.
_____

## MEMORANDUM IN OPPOSITION TO
## DEFENDANT'S MOTION TO COMPEL

LIPSITZ GREEN SCIME CAMBRIA LLP
DIANE M. ROBERTS, ESQ.
JOSEPH J. MANNA, ESQ.
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333
*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................2

POINT I:   CORNING SHOULD NOT RECEIVE COSTS AND FEES FOR
           BRINGING ITS MOTION ..............................................................................................2

    A.   Corning did not attempt in Good Faith to Secure
       the Disclosure without Intervention of the Court ………………………….. 3

    B.   Corning Unreasonably Refused to Resolve the Motion Issues ………….. 3

    C.   Diversified's Late Disclosure was Substantially Justified ………………. 4

CONCLUSION ………………………………………………………………………….. 5

## PRELIMINARY STATEMENT

The giving of "legal advice" is an element necessary to invoke the attorney-client privilege. The prior motion practice in the instant action concerning two specific privileged emails, did not result in a decision which requires that every single communication between attorney and client should be viewed in isolation, such that each would be required to contain legal advice in the form of legal research, legal theory, and case citations in order to invoke the privilege. To generically find otherwise would defeat the underlying purpose of the attorney-client privilege.

On August 25, 2009, Diversified produced e-mails to Corning as a "Supplemental Discovery Production," together with a "Privilege Log" specifying five (5) e-mails which Plaintiff asserted, and still asserts, are privileged as between attorney/client and/or attorney work product. Until counsel was in Chambers on February 10, 2010, with opposing counsel, Plaintiff's counsel did not learn that its forensics expert, Kroll OnTrack, had apparently inadvertently not removed the privileged e-mails from the disk it provided for production to Corning. (See Roberts Declaration at ¶16).

Based upon the contents of those e-mails and the referenced attachments set forth in the e-mails, it is Diversified's continued position that the e-mails, including the documents attached to two of them, are privileged. Diversified agreed to and did produce three sets of attachments for three of those five e-mails. Diversified maintains that the two remaining sets of attachments, those for the January 20, 2005 and February 8, 2005 e-mails, are integral, interwoven parts of the legal communications and legal advice sought by Diversified and provided by its counsel, set forth in the written bodies of the e-mails themselves. As such, the attachments are part of that privileged communication.

1155753v1
22340.0053

1

Further, in an effort to resolve this issue, but without waiving its argument as to their privileged nature, Diversified did produce to Corning those two very sets of attachments to the emails.[1] Therefore, Diversified asserts that particular aspect of Corning's Motion to Compel is now moot.

## ARGUMENT

### POINT I

### CORNING SHOULD NOT RECEIVE COSTS AND FEES FOR BRINGING ITS MOTION

The accompanying Declaration of Diane M. Roberts details the efforts made by Diversified to forensically recover the attachments to emails.[2] Corning's counsel had previously indicated Corning wanted attachments to certain emails. At the February 10, 2010 conference with the Court, Corning's counsel specifically identified the emails for which she immediately sought attachments: the five (5) e-mails on Diversfied's August 25, 2009 Privilege Log.

Corning has cited to Disabled Patriots of Am., Inc. v. Niagara Group Hotels, LLC, 2008 U.S. Distr. Lexis 33780, *3 (W.D.N.Y. 2008 Scott, Mag.) and JSC Foreign Economic Assoc. v. Internat'l Develop. & Trade Servs., Inc., 2005 U.S. Dist. Lexis 16772, *39 (S.D.N.Y. 2005) to support its claims that it is entitled to at least attorneys fees and costs for having to bring its motion to compel to "force" production of the attachments to these five privileged emails. In so claiming, Corning is not applying the very analysis required under those cases and the statute.

---

[1] Diversified again, did not waive its position as to privilege, and the attachments were produced as "Attorney's Only" documents under the parties' Stipulated Protective Order.
[2] Shortly after the disclosures were made in August 2009, the parties and the Court engaged in settlement discussions. As a result, all discovery activities were basically on hold and resumed in early 2010 when settlement did not occur.

A.  **Corning did not attempt in Good Faith to Secure the Disclosure without Intervention of the Court.**

In the Roney Declaration, counsel states that Corning exerted a good faith effort in part, through communications with counsel, to resolve this issue. The Roberts Declaration opposing the instant motion, as supported by the email thread between Ms. Roney and Ms. Roberts, clearly shows the opposite. (See **Exhibit E** to Roberts Declaration).

Ms. Roberts, in her email message at 10:48 a.m. on February 19, 2010, tells Ms. Roney, Corning's counsel, that clarification maybe needed from the judge because she does not yet know if she can even get the email attachments from the Diversified computer system. Ms. Roberts states that without seeing the attachments, she cannot tell if there is an issue for which either party might need to bring a motion. Rather than agreeing to contact Magistrate Judge McCarthy to seek a brief extension, Corning's counsel stated that she disagreed and that the issue of privilege was "ripe for determination at this time."

As it turned out, when Ms. Roberts received the attachments on February 23, 2010, three sets were disclosed to Corning. Regardless, Corning went ahead and even addressed those three sets in its Motion to Compel.

It is Diversified's assertion that by refusing to consult with the Magistrate Judge under the circumstances, to seek clarification and perhaps a time extension, Corning failed to make a good faith effort to resolve this situation short of motion practice.

B.  **Corning Unreasonably Refused to Resolve the Motion Issues.**

Further, the Court on March 11, 2010 attempted to reach a resolution of the issues by telephone conference without necessitating a briefing schedule. (See transcript at **Exhibit A** to Roberts Declaration). The next day, Ms. Roberts, on behalf of Diversified, advised Corning's

counsel and the Court that Diversified would produce the other two sets of attachments based upon what was stated during the telephone conference.

Corning's counsel then indicated Corning would not agree to those terms. Diversified agreed to do exactly what had been discussed during the conference, which would have avoided the necessity of briefs and resolved the issue. After Diversified agreed, Corning decided to *not* agree.

Under these circumstances, it is unjust to require Diversified pay for Corning's costs in continuing motion practice which could have been avoided or at a minimum, otherwise resolved.

### C.    Diversified's Late Disclosure was Substantially Justified.

One point is very basic and very clear about the situation now presented to this Court: this is not a case of Diversified disobeying a court order about these five emails. Diversified is certainly aware that this Court previously ruled that two specific emails were not privileged and open to use by Corning. There has been no such ruling with respect to these five emails. In fact, during the conference with the Court on March 11, 2010 to try to resolve the pending motions, Corning's counsel indicated Corning was not seeking to uncloak the privileged status asserted by Diversified with respect to these five emails.

The issue boils down to the attachments to the emails. Privilege issue aside, as detailed in the accompanying Roberts Declaration, Diversified's world-renowned forensic expert, Kroll OnTrack, could not even recover those attachments until February 23, 2010. The difficulties with converting from a "MAC Eudora" email application to a Microsoft application were discovered at this time by Kroll OnTrack, and learned to be the reason the emails and their attachments became "unlinked" during the prior attempts at production in 2009.

These particular five emails and their attachments have always been viewed as privileged by Diversified, and until now, there was no challenge to that classification and no order indicating otherwise. Diversified agreed to produce three sets of the attachments before Corning filed its pending motion to compel; Diversified so advised Corning's counsel literally within hours of receipt of those emails. The issue of privilege as to the other two sets is not only still pending before this Court, but in an effort to resolve these motion, Diversified produced the two sets of attachments to Corning's counsel as "Attorneys Only" documents.

Corning argues that Diversified should be penalized through the imposition of Corning's costs and fees upon Diversified, allegedly because Diversified should have long ago produced these attachments. Corning, however, ignores the reality that these email attachments were only able to be forensically recovered by an expert in the field, on February 23, 2010.

Diversified maintains that under these facts and circumstances, there is substantial justification, at a minimum, for its not producing the attachments at any other time, privileged or not.

## CONCLUSION

There is no reason under Rule 37 of the Federal Rules of Civil Procedure to sanction Diversified with respect to the five emails in question. It is respectfully submitted that Corning's motion to compel should be denied in its entirety.

DATED:   March 26, 2010
         Buffalo, New York        **LIPSITZ GREEN SCIME CAMBRIA LLP**
                                  *Attorneys for Plaintiff*

                                         */s/ Diane M. Roberts*
                                  By: _____
                                       DIANE M. ROBERTS, ESQ.
                                       42 Delaware Avenue, Suite 120
                                       Buffalo, New York 14202-3924
                                       (716) 849-1333