UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DIVERSIFIED CONTROL, INC.,                       **DECISION AND ORDER**

                      Plaintiff,                               05-CV-0277(A)(M)

v.

CORNING CABLE SYSTEMS, LLC,

                      Defendant.

---

This action has been referred to me by Order of Hon. Richard J. Arcara for supervision of pretrial proceedings [50][1]. Before me are the motion of plaintiff Diversified Control, Inc. ("Diversified") for a protective order and sanctions [191] and the motion of defendant Corning Cable Systems, LLC ("Corning") to compel production of documents and for sanctions [192]. For the following reasons, I order that both motions be granted in part and denied in part.[2]

---

[1]      Bracketed references are to CM-ECF docket entries.

[2]      While a decision as to dispositive sanctions must be made by Report and Recommendation, up until now it has been the rule in this Circuit that "monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir.1990). However, in Kiobel v. Millson, 592 F.3d 78 (2d Cir. 2010), the Second Circuit has noted uncertainty among its panel members as to the authority of Magistrate Judges to impose Rule 11 sanctions. The discussion in Kiobel suggests that this uncertainty may now also extend to a Magistrate Judge's authority to impose non-dispositive sanctions under Rule 37. If Corning's motion for sanctions is deemed dispositive, then my decision should be treated as a Report and Recommendation.

## BACKGROUND

Diversified seeks a protective order declaring that certain emails between Diversified and its attorneys, as well as the attachments to those e-mails, are protected by the attorney-client privilege. Corning seeks to compel production of the attachments, which consist of photographs of various products. In addition, each party seeks sanctions from the other.

On March 11, 2010, shortly after the motions were filed, I held a conference with counsel to explore the possibility of an informal resolution to the motions before a briefing schedule was implemented. During that conference, I told Diane Roberts, counsel for Diversified, that I had difficulty understanding Diversified's position that the photographs themselves (as opposed to the e-mails) were privileged, although I would keep an open mind on the subject. *See* transcript of March 11 proceedings (Roberts declaration [201] Ex. A, pp. 9-10). Corning's counsel, Susan C. Roney, stated that Corning was not seeking to retain the e-mails themselves (which had been inadvertently produced by Diversified), and would agree to return them to Ms. Roberts. Id., p. 4, line 25 and p. 6, lines 17-23.

By e-mail dated March 12, 2010, Ms. Roberts offered to "produce those attachments for 'attorneys eyes only'". Roberts declaration [201], Ex. B. Ms. Roney replied by e-mail later that day, stating: "We do not agree that the attachments to the e-mails constitute 'attorneys only material' . . . . Finally, although we can return our hard copies of the e-mails at issue, I do not know how we can remove them from the discs that have been produced by [Diversified], and we do not agree to return the discs". Id.

## ANALYSIS

Diversified has failed to justified either its refusal to produce the attachments to its e-mails, or its designation of those attachments as "attorneys eyes only". Whether or not the e-mails themselves are privileged (a question which I do not reach in view of Corning's acknowledgment that it is not seeking the e-mails), nothing in the attachments (consisting of product photographs) is remotely privileged. Therefore, Corning's motion is granted to the extent of requiring the production of the attachments without an "attorney's eyes only" designation.

Since Diversified's position is not "substantially justified", I would be inclined to award Corning its expenses and attorney's fees pursuant to Fed. R. Civ. P. 37(b)(2)(C). However, that same Rule provides that such an award need not be made where "other circumstances make an award of expenses unjust". The "other circumstance" in this case is Corning's change of position concerning the return of the e-mails to Diversified, initially agreeing to return them during the March 11 conference, and then stating the next day that it would not return the discs on which they are contained.

It seems to me that a reasonable solution is to require Corning to return the discs to Diversified, on condition that Diversified will produce to Corning a set of discs which it must certify are identical in all respects (except for the redacted e-mails) to the discs which were previously produced.

## CONCLUSION

For these reasons, I order that Diversified's motion [191] be granted to the extent of requiring Corning to return the discs to Diversified, on condition that Diversified will produce to Corning a set of discs which it must certify are identical in all respects (except for the redacted e-mails) to the discs which were previously produced, all of which shall be accomplished within the next 30 days, and that the motion be otherwise denied.

I further order that Corning's motion [192] be granted to the extent of requiring Diversified, within the next 30 days, to produce to Corning the e-mail attachments without an "attorney's eyes only" designation, and that the motion be otherwise denied.

Unless otherwise ordered by Judge Arcara, any objections to this Decision and Order must be filed with the clerk of this court by April 23, 2010 (applying the time frames set forth in Fed. R. Civ. P. 6(a)(1)(C), 6(d), and 72(a)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(2) of the Local Rules of Civil Procedure for the Western District of New York, "[t]he specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to the

law shall be clearly set out." Failure to comply with the provisions of Rule 72.3(a)(2), may result in the district judge's refusal to consider the objection.

**SO ORDERED.**

DATED:    April 6, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge